IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA and THE
STATE OF DELAWARE *ex rel.* RONALD
SHERMAN,

Plaintiffs,

v.

CHRISTIANA CARE HEALTH SERVICES,
INC., CHRISTIANA CARE HEALTH
SYSTEM, CHRISTIANA HOSPITAL, and
WILMINGTON HOSPITAL,

Defendants.

Civil Action No. 17-419-RGA

MEMORANDUM ORDER

Currently pending before the Court is Plaintiff-Relator's Motion for Leave to Conduct

Jurisdictional Discovery (D.I. 24). The parties have fully briefed the issues. (D.I. 25, 28, 30).

After full consideration of the briefing, I GRANT the Motion.

I.    BACKGROUND

This is a *qui tam* action brought by Relator Ronald Sherman against Defendants Christiana

Care Health Services, Inc., Christiana Care Health System, Christiana Hospital, and Wilmington

Hospital under the federal False Claims Act ("FCA"), the Delaware False Claims Act, the Federal

Fraud and Abuse Anti-Kickback Law ("Anti-Kickback Law"), and the Delaware Anti-Kickback

Statute. (D.I. 1). Relator contends that Defendants "knowingly engaged in a scheme to induce

doctors to make referrals of patients to Christiana." (D.I. 1 ¶ 12). Relator brings the following

claims: violation of 31 U.S.C. § 3729(a)(1)(A) ("Count I"), § 3729(a)(1)(B) ("Count II"),

§ 3729(a)(1)(G) ("Count III"), and § 3729(a)(1)(C) ("Count IV"). Relator filed his Complaint under seal on April 12, 2017. (D.I. 1). After repeated extensions, the Government declined to intervene. (D.I. 7).

Defendants have moved to dismiss all claims pursuant to Federal Rule of Civil Procedure 12(b)(1), urging that Relator does not have standing to pursue his claims because he signed an enforceable "Separation Agreement" when he left his employment with Defendants, releasing "all his claims against Defendants." (D.I. 14 at 15). The parties have stipulated to stay the briefing of Defendants' motion pending the resolution of Relator's motion for jurisdictional discovery to respond. (D.I. 27).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to assert lack of subject-matter jurisdiction as a defense to any claim for relief by the plaintiff. There are two types of attacks on subject matter jurisdiction: facial and factual. In deciding a Rule 12(b)(1) motion, I must decide whether the motion "presents a 'facial' attack or a 'factual' attack on the claim at issue, because that distinction determines how the pleading must be reviewed." *Constitution Party of Penn. v. Aichele*, 757 F.3d 347, 357 (3d Cir. 2014). "A factual attack . . . is an argument that there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* at 358. Where a party files a challenge to subject matter jurisdiction "before it file[s] any answer to the Complaint or otherwise present[s] competing facts," then it is a facial challenge. *Id.*

Rule 26(d)(1) permits a party to seek discovery, including jurisdictional discovery, before the Rule 26(f) conference by order of the court. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v.*

2

*Sanders*, 437 U.S. 340, 351 n.13 (1978). In the Third Circuit, "unless a plaintiff's claim is 'clearly frivolous,' jurisdictional discovery should be allowed." *Rocke v. Pebble Beach Co.*, 541 F. App'x 208, 212 (3d Cir. 2013) (citing *Toys "R" Us v. Step Two*, 318 F.3d 446, 456 (3d Cir. 2003)). A plaintiff may not, however, "undertake a fishing expedition based only upon bare allegations under the guise of jurisdictional discovery." *Eurofins Pharma US Holding v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010). "To show that discovery is warranted, a party must, at minimum, state a 'non-frivolous' basis for [subject matter jurisdiction] and do so with 'reasonable particularity.'" *Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 250 (D. Del. 2017).

## III.  DISCUSSION

Defendants' motion to dismiss asserts that Plaintiff-Relator does not have standing to assert his claims because he signed a release of claims, thus depriving the Court of subject matter jurisdiction. (D.I. 14 at 6).

The FCA provides that a relator may not enter into an enforceable settlement or release of *qui tam* claims after the filing of an FCA action. 31 U.S.C. § 3730(b)(1). "However, the FCA does not address whether a relator's release of *qui tam* claims executed before the filing of a complaint (referred to as a pre-filing release) is enforceable." *United States ex rel. Class v. Bayada Home Health Care, Inc.*, 2018 WL 4566157, at *4 (E.D. Pa. Sept. 24, 2018) (citing *United States ex rel. Radcliffe v. Purdue Pharma L.P.*, 600 F.3d 319, 326 (4th Cir. 2010)). The Third Circuit has not opined on whether such pre-filing releases are enforceable to bar subsequent *qui tam* claims. *Class*, 2018 WL 4566157, at *5. However, "there is an emerging agreement among other circuits that such releases bar FCA claims if (1) the release can fairly be interpreted to encompass *qui tam* claims and (2) public policy does not otherwise outweigh enforcement of that release." *Id.*; *see also Radcliffe*, 600 F.3d at 319; *United States ex rel. Ritchie v. Lockheed Martin Corp.*,

558 F.3d 1161, 1170 (10th Cir. 2009); *United States ex rel. Hall v. Teledyne Chang Albany*, 104 F.3d 230 (9th Cir. 1997).

Under the public policy prong of that approach, the release of claims signed by Relator "is enforceable if the Defendants' disclosures to HHS-OIG were sufficient to permit the government to investigate the purported fraud allegations within them." (D.I. 28 at 4 (citing *Ritchie*, 558 F.3d at 1170; *Radcliffe*, 600 F.3d at 322; D.I. 25 at 7)). For the disclosure to be sufficient, it must be truthful and not misleading, and alert the government that potential fraud has been alleged. *Class*, 2018 WL 4566157, at *7-9 (summarizing case law).

Defendants attached both the release and the purported sufficient disclosures to their motion to dismiss. (D.I. 17, Ex. 1; D.I. 14-1, Ex. 3-6). Because Defendants' motion provides "competing facts" and evidence outside of Relator's Complaint, it is a factual attack on the Court's jurisdiction. *Constitution Party*, 757 F.3d at 357. As such, Relator has requested jurisdictional discovery to aid in establishing subject matter jurisdiction by demonstrating that the disclosures attached by Defendants were not sufficient. "Although [the relator] bears the burden of demonstrating facts that support [subject matter] jurisdiction, courts are to assist the [relator] by allowing jurisdictional discovery unless [the relator's] claim is 'clearly frivolous.'" *Toys "R" Us*, 318 F.3d at 456.

I am not convinced that Relator's claim of subject matter jurisdiction is clearly frivolous. Relator's complaint alleges concrete and specific reports of fraud, including initial reports to Defendants, the conduct of internal investigation by Defendants into those reports, and the failure of Defendants to disclose the results of those investigations to the government. (D.I. 1 ¶¶ 89-127 (NICU), 128-41 (Neurology/Cardiovascular), 142-55 (Urology)). Moreover, Relator has alleged that the disclosures attached by Defendants amount to less than 500 words in total, do not disclose

4

fraud by Defendants, and suggest only "potentially innocent billing violations by [private] attending physicians." (D.I. 30 at 7).[1] As stated, these facts indicate that the Court may have subject matter jurisdiction because the enforcement of the release of claims may be outweighed by public policy. Relator's allegations thus "state a 'non-frivolous' basis for [subject matter jurisdiction] and do so with 'reasonable particularity.'" *Boston Sci. Corp.*, 269 F. Supp. 3d at 250. Relator's request for jurisdictional discovery is "specific, non-frivolous, and a logical follow-up based on the information known to" Defendants. *Toys "R" Us*, 318 F.3d at 458. The Third Circuit has emphasized that courts should ensure that plaintiffs have an opportunity to present facts after jurisdiction is challenged, *see Local 336, Am. Fed'n of Musicians, AFL-CIO v. Bonatz*, 475 F.2d 433, 436 (3d Cir. 1973). Jurisdictional discovery will ensure that Relator has that required opportunity. Thus, Relator should be allowed jurisdictional discovery on the limited issue of the facts related to Relator's allegations that were known to Defendants at the time they submitted the disclosures to HHS-OIG.

## IV. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Relator's Motion for Leave to Conduct Jurisdictional Discovery (D.I. 24) is GRANTED.

2. Within 60 days of this ORDER, Defendants shall produce or make available the documents identified by Relator (D.I. 25 at 9-10). Document request nos. 2-8 shall be limited in scope to documents created before the date of submission for the compliance log in which the related disclosure was included;

---

[1] I note that the Government, upon notification of this suit, took eighteen months to investigate the allegations of Relator's Complaint before deciding not to intervene in this case. While this fact alone is insufficient to indicate that the previous disclosures were insufficient to put the government on notice, I believe it counsels in favor of permitting Relator to engage in jurisdictional discovery that could aid in determining whether or not the disclosures were truthful and not misleading.

3. Relator shall be afforded 30 days after said discovery is complete to respond to Defendants' Motion to Dismiss (D.I. 16).

4. This Order is without prejudice to Defendants' right to seek an extension of the deadline for producing said discovery.

5. This Order is without prejudice to Relator's right to seek additional extensions of the deadline to respond to the Motion to Dismiss.

Entered this 26 day of March, 2019.


United States District Judge