# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF DELAWARE *ex rel.* RONALD SHERMAN, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :   C.A. No. 1:17-cv-00419-RGA |
| | : |
| CHRISTIANA CARE HEALTH SERVICES, INC., CHRISTIANA CARE HEALTH SYSTEM, CHRISTIANA HOSPITAL, and WILMINGTON HOSPITAL, | : <br> : <br> : <br> : |
| Defendants | : |

## DEFENDANTS' ANSWER TO RELATOR'S COMPLAINT

Defendants Christiana Care Health Services, Inc. ("CCHS"), Christiana Care Health System, Christiana Hospital, and Wilmington Hospital (collectively, "Defendants"), by and through counsel, respectfully submit this Answer and Affirmative Defenses to Relator Ronald Sherman's Complaint.[1]

## ANSWER TO ALLEGATIONS

## I.   PARTIES

1.    Defendants admit that Relator purports to bring this action on behalf of the United States of America for alleged violations of the False Claims Act, 31 U.S.C. §§ 3729-3733. Defendants deny that Relator is entitled to maintain this action as alleged or to any relief.  The

---

[1] Unless otherwise expressly admitted, Defendants deny any allegations in the headings, subheadings, or similar text in Relator's Complaint, to the extent any such allegations require a response.  Any headings, subheadings, or similar text that Defendants have reprinted in this Answer are for the convenience of the Court and the parties, and are not intended to be construed as admissions of any fact by Defendants.

20324052v1

United States has declined to intervene in the instant case and the case is being pursued by Relator.  D.I. 7.

2.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, it is admitted that Medicare is a government health insurance program.

3.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are admitted.

4.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

5.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, it is admitted that Medicaid is a government health insurance program.

6.      Defendants admit that Relator purports to bring this action on behalf of the State of Delaware for alleged violations of the Delaware False Claims and Reporting Act.  Defendants deny that Relator is entitled to maintain this action as alleged or to any relief.  The State of Delaware has declined to intervene in the instant case and the case is being pursued by Relator. D.I. 20.

7.      Admitted in part, denied in part.  It is admitted only that Relator is a plaintiff in this action and previously served as Corporate Compliance Officer for defendant Christiana Care Health System.  After a reasonable investigation, Defendants are without knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are denied.

8.      After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Relator's allegation that he is an Original Source is denied as a conclusion of law to which no response is required.  To the extent a response is required, that allegation is denied. Accordingly, all allegations in the corresponding paragraph are deemed denied.  By way of further answer, the allegations set forth in Relator's Complaint are based on disclosures made to the Office of the Inspector General for the United States Department of Health and Human Services under a Corporate Integrity Agreement with Defendant Christiana Care Health System.

9.      Admitted as to the time period covered by the Complaint.

## II.      JURISDICTION

10.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

11.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## III.      SUMMARY OF THE CASE

12.      Denied.

20324052v1

13.     Admitted in part, denied in part.  By way of further answer, it is admitted only that CCHS contracted with Christiana Neonatal Associates, LLC and Christiana Neonatal Associates, P.A., for the provision of neonatology services during the time period generally referenced in the Complaint (with the original contract effective as of May 1, 2009).  The remaining allegations are denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint regarding billing practices and claim submission by private physicians.  By way of further answer, Defendants have no control over, or visibility into, how private physicians bill for their services.  Additionally, Relator's allegations regarding submission of claims within the meaning of the federal False Claims Act and the Delaware False Claims and Reporting Act are denied as conclusions of law to which no response is required.  To the extent a response is required, these allegations are denied.

## IV.     APPLICABLE LAW

### A.     The Federal and Delaware False Claims Acts

18.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

20324052v1

19.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

20.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

21.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

22.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**B.     The Anti-Kickback Statute**

23.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

24.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

25.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

5

20324052v1

26.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Additionally, the Federal Register is a document that speaks for itself.

27.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Additionally, the Federal Register is a document that speaks for itself.

28.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  Additionally, the Congressional Record is a document that speaks for itself.

29.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

30.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

31.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

32.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

20324052v1

33.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

34.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**C.      Violations of the Anti-Kickback Statute Forms the Basis of False Claims Act Liability**

35.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

36.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

37.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

38.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

20324052v1

**D.      Delaware Anti-Kickback Statute**

39.      The allegations in the corresponding paragraph in the Complaint, and the bulleted material following same, are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

40.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**E.      Stark Law**

41.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

42.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

43.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

44.      The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

8

45.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**F.      Corporate Integrity Agreement**

46.     The Corporate Integrity Agreement is a written document that speaks for itself. To the extent a response is required, the allegations are denied.

47.     Denied.  By way of further answer, the allegations in the corresponding paragraph of the Complaint are denied as conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.  By way of further answer, Relator is alleging that he knowingly submitted materially false certifications to the Office of the Inspector General for the United States Department of Health and Human Services.

**V.      PAYMENT UNDER GOVERNMENT HEALTHCARE PROGRAMS**

**A.      Hospital Payments**

48.     Denied.  By way of further answer, many of the allegations in the corresponding paragraph of the Complaint are denied as conclusion of law to which no response is required. To the extent a response is required, the allegations are denied.

49.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

50.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

9

51.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

52.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

53.     Admitted in part, denied in part.  It is admitted only that, CCHS bills commercial and governmental payers  for healthcare services.  The remaining allegations are denied.

**B.     Physician Certifications and Payments**

54.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

55.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

56.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  By way of further answer, CMS Form 1500 is a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

57.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  By way of further answer, CMS Form 1500

is a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

58.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

59.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  By way of further answer, the Federal Register is a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

60.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  By way of further answer, the Contract is a written document that speaks for itself.  To the extent a response is required, the allegations are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

**C.     Relevant Physician Current Procedural Technology ("CPT") Codes**

61.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**1.     Neonatology and Pediatric Specific CPT Codes**

62.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the

allegations are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

63.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

64.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

65.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

66.     The allegations in the corresponding paragraph are denied.  By way of further answer, many of the remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

67.     Denied.

68.     The allegations in the corresponding paragraph are denied.  By way of further answer, many of the remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further

answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

69.    The allegations in the corresponding paragraph are denied.  By way of further answer, many of the remaining allegations are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

### 2. Global Bundled Surgical CPT Codes Used in Neurosurgery, Cardiology, Urology, and ENT Departments

70.    The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

71.    Admitted in part, denied in part.  It is admitted only that the term "global surgical package" is sometimes used to describe the services covered by a single payment made by a government health care program.

72.    The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

73.    The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Physician Fee Schedule is a written document that speaks for itself.

13

74.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

75.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

76.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

77.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

78.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

79.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the

allegations are denied.  By way of further answer, the Medicare Claims Processing Manual is a written document that speaks for itself.

80.     The allegations in the corresponding paragraph of the Complaint are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

81.     The allegations in the corresponding paragraph of the Complaint are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.

82.     The allegations in the corresponding paragraph of the Complaint are denied.  By way of further answer, the CPT Codes are contained in the American Medical Association's CPT Codebook, which is a written document that speaks for itself.  Additionally, the Medicare Claims Processing Manual is a written document that speaks for itself.

83.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**D.     Billing for Hospitalists, Residents, Physician Assistants ("PA") and Nurse Practitioners ("NP")**

84.     Admitted in part, denied in part.  By way of further response, it is admitted only that at the times relevant to the Complaint, the NPs, PAs, and residents referenced in the Complaint were employees of CCHS, and their employment costs were therefore included on the Medicare cost report for CCHS.  The remaining allegations of the Complaint are denied.

15

85.     The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## VI.     THE ALLEGED FALSE CLAIMS ACT VIOLATIONS

### A.     The Alleged Kickback and Stark Schemes

#### 1.     Christiana Allegedly Provided Remuneration to Private Physician Groups to Induce Referrals of Patients

##### a.     Alleged Remuneration in the Form of Free Services

86.     Denied.

87.     Denied.

88.     Denied.

###### i.     Alleged Kickbacks from Christiana Hospital NICU to Neonatology Associates

89.     Admitted.

90.     Admitted in part, denied in part.  By way of further answer, it is admitted only that the NICU had the stated number of beds in the corresponding paragraph of the Complaint, and that Medicaid utilization is typically greater than 50%.

91.     Admitted.

92.     Admitted in part, denied in part.  It is admitted only that CCHS entered into a contract with Christiana Neonatal Associates, LLC and Christiana Neonatal Associates, P.A., for the provision of neonatology services during the time period generally referenced in the complaint (with the original contract effective as of May 1, 2009).   Regarding the remaining

16

allegations, the contract is a written document that speaks for itself.  To the extent a response is required, the allegations are denied.

93.     Admitted in part, denied in part.  It is admitted only that Rhonda Mullins was employed by CCHS as a Senior Compliance Auditor from 2009 to 2015.  Regarding the remaining allegations, after a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

94.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.  By way of further answer, Dr. Laura Lawler has served as Chief of Pediatric Hospitalists at Christiana since 2004.

95.     Admitted in part, denied in part.  It is admitted only that Dr. Laura Lawler raised concerns about neonatologists' potential billing for services performed in Christiana's NICU.  The remaining allegations in the corresponding paragraph of the Complaint are denied.

96.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

97.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

98.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

99.     Denied.  After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

100.    Denied.

101.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

102.    Admitted in part, denied in part.  It is admitted only that CCHS did not bill for the services provided in the NICU by its Neonatal Nurse Practitioners and hospitalists, who did not perform individually-billable or reimbursable services.  By way of further response, the Neonatal Nurse Practitioners referenced in the Complaint would have been listed on the Medicare Cost Report for CCHS, which means that separate billing for their individual services was prohibited under Medicare billing rules.  The remaining allegations of the corresponding paragraph of the Complaint are denied.  By way of further answer, it is specifically denied that any Defendant provided free services to Neonatology Associates.

103.    Admitted in part, denied in part.  It is admitted only that Christiana was billing government payers, including Medicaid, for facility fees related to the operation of the NICU.

104.    Admitted in part, denied in part.  It is admitted only that CCHS submitted invoices for its NICU facilities and services in accordance with applicable contractual and

regulatory requirements.  Regarding the remaining allegations, after a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to their truth or falsity of the allegations.  Accordingly, these allegations are deemed denied.   By way of further answer, Defendants had no control over, or visibility into, how the private physicians of Neonatology Associates billed for their services.

105.    Denied.

106.    The allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.  By way of further answer, Defendants had no control over, or visibility into, how the private physicians of Neonatology Associates billed for their services.

107.    The allegations in the corresponding paragraph in the Complaint and subparagraphs (a)-(d) are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

108.    Denied.  By way of further answer.  Regarding Ms. Mullins' alleged findings, after a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to their truth or falsity of the allegations.  Accordingly, these allegations are deemed denied.  The remaining allegations in the corresponding paragraph in the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

109.    Admitted in part, denied in part. It is admitted only that the Relator participated in an internal compliance investigation, which uncovered no wrongdoing by Defendants.  The remaining allegations are denied.

20324052v1

110.     Denied.

111.     Denied.  By way of further answer, the last clause in the allegation in the corresponding paragraph of the Complaint is denied as a conclusion of law to which no response is required.

112.     Admitted in part, denied in part.  It is admitted only that Christiana did not bill the 24-hour bundled code for physician supervision and direction of the NICU.  Regarding the remaining allegations, after a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.  By way of further answer, Defendants had no authority or control over, or visibility into, how the private physicians of Neonatology Associates billed for their services.

113.     Admitted in part, denied in part.  It is admitted only that Dr. Lawler drafted an email at Relator's request regarding the NICU and sent it to Ms. Mullins and Relator in September, 2010.  Regarding the remaining allegations in the corresponding paragraph of the Complaint, after a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to their truth or falsity of the allegations.  Accordingly, these allegations are deemed denied.

114.     Denied.

115.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

20324052v1

116.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

117.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

118.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

119.     After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

120.     Admitted in part, denied in part.  It is admitted only that a meeting between Neonatology Associates and their counsel, Christiana's General Counsel and outside counsel, and Relator occurred.  After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

121.    Denied.  By way of further answer, Christiana, through its outside counsel, retained Joan Gilhooly as an expert under the attorney-client privilege to review provision of neonatal critical and intensive care in Christiana's NICU and compliance with clinical requirements for relevant CPT codes.  The remaining allegations in the corresponding paragraph of the Complaint are denied.

122.    Denied.  By way of further answer, Joan Gilhooly is a compliance expert with experience in coding.  She is not a licensed attorney.

123.    Admitted in part, denied in part.  It is admitted only that Ms. Gilhooly, who was retained by CCHS's outside counsel under legal privilege, issued a written report. The remaining allegations in the corresponding paragraph are denied.

124.    Admitted.  By way of further answer, Ms. Gilhooly's report was shared with Neonatology Associates' counsel pursuant to a Joint Defense Agreement.

125.    Admitted in part, denied in part.  It is admitted that Dr. Molteni was retained as an expert in medical coding, including the relevant NICU CPT codes at issue. The remaining allegations in the corresponding paragraph are denied.

126.    Denied.  By way of further answer, Realtor, as the Compliance Officer, agreed that CCHS's internal investigation had not revealed any violations of the AKS and/or the Stark Law, and agreed that no refunds were required.  In accordance with his conclusion, Relator executed a certification to the Office of the Inspector General for the United States Department of Health and Human Services, certifying Defendants' compliance with all applicable healthcare enforcement laws, including the AKS and the Stark Law.

20324052v1

127.    Admitted in part, denied in part.  It is admitted only that CCHS did not pay any refund to a government health care program, as Relator's investigation determined none was warranted.  The remaining allegations in the corresponding paragraph of the Complaint are denied as conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

ii.    **Alleged Additional, Allegedly Similar Kickback/Stark Violations Involving the Neurosurgical Unit and the Heart Center**

128.    Admitted in part, denied in part.  It is admitted only that CCHS's compliance function conducted compliance investigations into private physicians' use of CCHS-employed non-physician providers.  The remaining allegations are denied.

129.    Admitted.

130.    Admitted.

131.    Denied.

132.    Denied.  It is admitted only that private physicians from the identified surgical groups were on CCHS's Medical Dental Staff and therefore were engaged to provide medically appropriate services to patients at the Heart Center and in the Neurosurgical unit.

133.    Admitted in part and denied part.  By way of further answer, it is admitted only that CCHS employees provided medically appropriate care to pre-operative patients to ensure the quality and safety of patient care, coordinate care among different providers and service lines needed to meet patients' complex needs, and enhance patient outcomes and satisfaction.

134.    Admitted.  By way of further answer, CCHS employees provided care for the benefit of its post-operative patients to ensure the quality and safety of patient care, coordinate

23

care among different providers and service lines needed to meet patients' complex needs, and enhance patient outcomes and satisfaction.

135.   Admitted in part, denied in part.  It is admitted only that CCHS employees initiated consultations to expedite the care and treatment of patients, provide continuity of care, and otherwise meet patients' medical needs. These services were not intended to serve as a substitute for the services of the physicians.  The remaining allegations are denied.

136.   Denied.

137.   Admitted in part, denied in part. It is admitted only that CCHS did not bill the global bundled code for neurosurgical and cardiovascular surgery patients and that CCHS employees provided appropriate care to patients, including evaluation and monitoring of all CCHS's patients.  The remaining allegations are denied.

138.   Admitted in part, denied in part.  It is admitted only that a meeting was held and was attended by Section Chief Neurosurgery, Dr. Eppley; Former Medical Director Center for Heart & Vascular Department, Dr. Gardner; Neurointensivist, Dr. Dechant; Former Chair Department of Surgery, Dr. Rhodes; Former General Counsel, Brenda Pierce; Former Director of Patient Financial Services, David Charles; Former Chief Financial Officer, Tom Corrigan; Former Neuro Critical Care Nurse Practitioner, Teresa Hills; Former VP Heart & Vascular Department, Penny Vigneau; Former Neurocritical Care Unit Nurse Manager, Pat Fenimore; Craig Martine of Performance Improvement; Former Administrative Director Heart & Vascular Department, Melissa Bollinger; Former Director Corporate Compliance, Tina Babenko; and Relator.  The remaining allegations of the corresponding paragraph of the Complaint are denied.

139.   Denied.

24

140.   Denied.

141.   Denied.

            **iii.**      **Alleged Additional, Allegedly Similar Kickback/Stark Violations Involving the Urology and ENT Departments**

142.   Denied.

143.   Admitted.

144.   Admitted.

145.   Admitted.

146.   Admitted in part, denied in part.  It is admitted only that Ms. Babenko conducted a review of consult notes.  The remaining allegations are denied.

147.   Denied.

148.   Admitted in part, denied in part.  It is admitted only that Ms. Babenko introduced the Relator to Bernie Racey. The remaining allegations in the corresponding paragraph are denied.

149.   After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

150.   Admitted in part.  It is admitted only that Relator, Ms. Babenko, and Mr. Racey spoke with Dr. Fulda about the utilization of CCHS PAs and requirements for proper physician billing.

151.   Admitted in part, denied in part.  It is admitted only that the Compliance team worked with Dr. Fulda and Medical Dental staff leadership to identify best practice measures and

establish guiding principles to facilitate coordination and provision of patient care in accordance with Medical Dental staff rules and CMS billing guidelines.  The remaining allegations in the corresponding paragraph are denied.

152.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

153.    Denied.

154.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint.  Accordingly, these allegations are deemed denied.

155.    Denied.

156.    Admitted.

157.    Admitted.

158.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint, which concern Relator's alleged mental state and awareness.  Accordingly, these allegations are deemed denied.  By way of further answer, it is specifically denied that CCHS or any Defendant committed an Anti-Kickback Statute or False Claim Act violation, or any other legal violation.

159.    Denied.  By way of further answer, Relator's employment with CCHS was terminated effective December 10, 2014.

160.    Denied.

161.    Admitted.

162.    After a reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Complaint, which concern Relator's alleged mental state and awareness.

### COUNT I
### FEDERAL FALSE CLAIMS ACT
### 31 U.S.C. § 3729(A)(1)(A)

163.     Defendants hereby incorporate their responses to the preceding paragraphs as though fully set forth herein.

164.    Denied.

165.    Denied.

### COUNT II
### FEDERAL FALSE CLAIMS ACT
### 31 U.S.C. § 3729(A)(1)(B)

166.    Defendants hereby incorporate their responses to the preceding paragraphs as though fully set forth herein.

167.    Denied.

168.    Denied.

### COUNT III
### FEDERAL FALSE CLAIMS ACT
### 31 U.S.C. § 3729(A)(1)(G)

169.    Defendants hereby incorporate their responses to the preceding paragraphs as though fully set forth herein.

27

170.    Denied.

171.    Denied.

## COUNT IV
## FEDERAL FALSE CLAIMS ACT
## 31 U.S.C. § 3729(A)(1)(C)

172.    Defendants hereby incorporate their responses to the preceding paragraphs as though fully set forth herein.

173.    Denied.

## COUNT V
## DELAWARE FALSE CLAIMS AND REPORTING ACT
## DEL. CODE ANN. TIT. 6, § 1201(A)(1)

174.    Defendants hereby incorporate their responses to the preceding paragraphs as though fully set forth herein.

175.    Denied.

176.    Denied.

## COUNT VI
## DELAWARE FALSE CLAIMS AND REPORTING ACT
## DEL. CODE ANN. TIT. 6, § 1201(A)(2)

177.    Defendants hereby incorporate their responses to the preceding paragraphs as though fully set forth herein.

178.    Denied.

179.    Denied.

The allegations in the unnumbered paragraph immediately following paragraph 179 of the Complaint constitute a Prayer for Relief to which no responsive pleading is required. It is specifically denied that any action or inaction of Defendants entitle Relator to the relief

20324052v1

requested.

## VII.  DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants hereby state the following defenses and affirmative defenses, without assuming the burden of proof regarding any, and reserve the right to assert additional defenses when they become appropriate.

### FIRST AFFIRMATIVE DEFENSE: LACK OF STANDING

Relator lacks standing to bring this action as he released any and all claims that he has or could have against Defendants.

### SECOND AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CLAIM UNDER THE FALSE CLAIMS ACT

Each and every count in Relator's Complaint fails to state a claim and is barred, in whole and/or in part, including because Defendants' conduct did not involve any "false or fraudulent" claim, record, or statement; was not material; was not the cause (proximate and/or competent cause) of any alleged harm or violation; did not constitute a violation of any statute, regulation, or condition of payment; did not constitute a "knowing" violation of any statute, regulation, or condition of payment; did not "cause" any person or entity to submit a false or fraudulent claim; and/or did not cause damages.

### THIRD AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CLAIM UNDER THE DELAWARE FALSE CLAIMS
### AND REPORTING ACT

Each and every count in Relator's Complaint fails to state a claim and is barred, in whole and/or in part, including because Defendants' conduct did not involve any "false or fraudulent" claim, record, or statement; was not material; was not the cause (proximate and/or competent cause) of any alleged harm or violation; did not constitute a violation of any statute, regulation,

29

or condition of payment; did not constitute a "knowing" violation of any statute, regulation, or condition of payment; did not "cause" any person or entity to submit a false or fraudulent claim; and/or did not cause damages.

### FOURTH AFFIRMATIVE DEFENSE:  NO ACTUAL FALSE CLAIMS

Relator's claims are barred, in whole and/or in part, because Relator has failed to identify any false claim that has been submitted and none were.

### FIFTH AFFIRMATIVE DEFENSE:
### FAILURE TO STATE A CLAIM REGARDING ALLEGED KICKBACKS

Relator's claims and/or the imposition of penalties are barred, in whole and/or in part, because Relator fails to state a claim under the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b, as Defendants did not violate that statute and did not intentionally provide anything of value to any physician outside of a relevant statutory and/or regulatory safe harbor.

### SIXTH AFFIRMATIVE DEFENSE:  SAFE HARBORS

Relator's claims are barred, in whole and/or in part, because Defendants affirmatively complied with all relevant statutory and regulatory safe harbors under the Anti-Kickback Statute.

### SEVENTH AFFIRMATIVE DEFENSE:  NO ACTUAL CLAIM LINKED TO AN ANTI-KICKBACK STATUTE VIOLATION

Relator's claims are barred, in whole and/or in part, because no claims submitted to relevant Government Healthcare Programs covered any patients whose treatments were the result of an Anti-Kickback Statute violation.

### EIGHTH AFFIRMATIVE DEFENSE:  ACTS OF THIRD PARTIES

The occurrences referred to in Relator's Complaint, and all damages, if any, resulting therefrom where caused by the acts or omissions by third parties over whose billing practices

30

Defendants exercised no control.

### NINTH AFFIRMATIVE DEFENSE: SUPERSEDING CAUSES

Relator's claims are barred, in whole and/or in part, because the alleged injuries and damages, if any, resulted from an intervening or superseding cause or causes, including, but not limited to, the actions of independently-licensed professionals not employed by Defendants and over whose billing practices Defendants exercised no control.

### TENTH AFFIRMATIVE DEFENSE:  NO SUPERVISION OR CONTROL

Relator's claims are barred, in whole and/or in part, because the acts or omissions of other persons or entities, whether or not named in Relator's Complaint, over whom Defendants had no supervision or control and for whose actions and omissions Defendants have no legal responsibility, caused and/or contributed to the alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE:  IMMATERIALITY

Relator's claims are barred, in whole and/or in part, including because any alleged noncompliance with any statutory or regulatory obligations is minor and/or insubstantial, and/or because the applicable government agency, department, agent, employee, or official paid claims with knowledge of the alleged noncompliance, and/or otherwise consented to, or acted with knowledge of the conduct, transactions, and/or occurrences that are the subject of the Complaint.

### TWELFTH AFFIRMATIVE DEFENSE:  LACK OF SCIENTER

Relator's claims are barred, in whole and/or in part, because any actions taken by Defendants with respect to the subject matters alleged by Relator were not taken in knowing and/or willful violation of any law, were objectively reasonable, taken in good faith, based upon objectively reasonable interpretations of statutes, regulations, and/or other applicable law, and/or

31

constituted lawful, proper, and/or justified conduct.

### THIREENTH AFFIRMATIVE DEFENSE:  EQUITABLE DEFENSES

Relator's claims are barred, in whole and/or in part, by the doctrines of laches, waiver, estoppel, and/or unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE:  STATUTE OF LIMITATIONS

Relator's claims are barred, in whole and/or in part, to the extent they violate the applicable statutes of limitations, borrowing statutes, and/or statutes of repose.

### FIFTEENTH AFFIRMATIVE DEFENSE:  DAMAGES BARRED BY DUE PROCESS & EXCESSIVE FINES

Any damages and/or penalties Relator seeks above and beyond actual damages, if any, allegedly sustained are in excess of those permitted by law, and violative of the United States Constitution (including the Due Process and Excessive Finds Clauses) and the Delaware State Constitution.

### JURY TRIAL DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a jury trial for all claims and issues so triable.

### DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully pray for judgment as follows:

(1)     Relator's claims be dismissed with prejudice and in their entirety;

(2)     Each and every prayer for relief contained in the Complaint be denied;

(3)     Judgment be entered in favor of Defendants and against Relator;

(4)     All costs, including reasonable attorneys' fees, be awarded to Defendants and

against Plaintiffs pursuant to applicable laws; and

20324052v1

(5)     Defendants be granted such other relief as this Court may deem just and proper.


                                        **POST & SCHELL, P.C.**

Dated: May 19, 2020                     */s/Paul A. Logan*
                                        PAUL A. LOGAN, Esquire
                                        DE ID. #3339
                                        300 Delaware Avenue, Suite 1380
                                        Wilmington, DE  19801
                                        plogan@postschell.com

                                        John N. Joseph *(pro hac vice)*
                                        Carolyn H. Kendall *(pro hac vice)*
                                        1600 John F. Kennedy Blvd., 14th Floor
                                        Philadelphia, PA  19103
                                        jjoseph@postschell.com
                                        ckendall@postschell.com

                                        *Attorneys for Defendants*

20324052v1

DocuSign Envelope ID: 215A5EE1-5C45-4383-98DD-FE957B0F1751

## **VERIFICATION**

I, Christine Babenko, Corporate Compliance Officer, Christiana Care Health System

hereby certify under penalty of perjury that the foregoing responses set forth in Defendants' to

Relator's Complaint are true and correct to the best of my knowledge, information, and belief.


5/18/2020 | 3:11 PM EDT

Dated: May _____, 2020              By: _____

Christine Babenko, Corporate Compliance Officer
Christiana Care Health System

20324052v1