# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF DELAWARE *ex rel.* RONALD SHERMAN,<br><br>*Plaintiffs-Relator*,<br><br>v.<br><br>CHRISTIANA CARE HEALTH SERVICES, INC., CHRISTIANA CARE HEALTH SYSTEM, CHRISTIANA HOSPITAL, and WILMINGTON HOSPITAL,<br><br>*Defendants.* | Civil Action No.: 1:17-cv-00419RGA |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' UNOPPOSED PARTIAL MOTION FOR SUMMARY JUDGMENT

Dated: November 15, 2023

Michelle L. Morgan (Bar No. 3651)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5680
michelle.morgan@dlapiper.com

Courtney G. Saleski (admitted *pro hac vice*, Pa. Bar No. 90207)
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
(215) 656-2431
courtney.saleski@dlapiper.com

*Attorneys for Defendants Christiana Care Health Services, Inc., Christiana Care Health System, Inc., Christiana Hospital, and Wilmington Hospital*

## ARGUMENT

Relator filed suit on April 12, 2017. D.I. 1. After more than a year investigating, the federal and Delaware governments declined to intervene. D.I. 7, 20. Discovery was completed in December 2022. D.I. 107. Motions for summary judgment and to exclude experts were filed on February 13, 2023. On April 24, 2023, the parties advised the Court that they had reached an agreement in principle to settle this case. CCHS now moves unopposed for partial summary judgment.

Summary judgment should be awarded where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. The question for this Court is whether "reasonable jurors could find by a preponderance of the evidence that the [Relator] is entitled to a verdict." *Id*. at 252.

Relator alleges that CCHS provided "free services" to private physicians in the hospital's Neurosurgery, Cardiovascular Surgery, Urology, and ENT departments, as well as the Neonatal Intensive Care Unit ("NICU"), in the form of professional care for patients by CCHS-employed mid-level providers (MLPs) such as physician assistants and nurse practitioners, in exchange for referrals of patients, while the private physicians billed and were reimbursed for the care and procedures. D.I. 1 ¶¶ 14-17, 88. The record is devoid of evidence that CCHS caused the private physicians to submit claims to Medicare or Medicaid for care and procedures that the MLPs provided or performed. Accordingly, there is no genuine dispute of material fact, and CCHS is

entitled to partial summary judgment that CCHS did not cause private physicians to submit false claims to Medicare or Medicaid. Relator does not oppose this motion.

## CONCLUSION

CCHS respectfully requests that the Court grant partial summary judgment in favor of Defendants and find that CCHS did not cause private physicians to submit false claims to Medicare and Medicaid.

Dated: November 15, 2023

Respectfully submitted,

By: */s/ Michelle L. Morgan*
Michelle L. Morgan (Bar No. 3651)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, DE 19801
(302) 468-5680
michelle.morgan@dlapiper.com

Courtney G. Saleski (admitted *pro hac vice*, Pa. Bar No. 90207)
**DLA PIPER LLP (US)**
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
(215) 656-2431
courtney.saleski@dlapiper.com

*Attorneys for Defendants Christiana Care Health Services, Inc., Christiana Care Health System, Inc., Christiana Hospital, and Wilmington Hospital*

2